Judoe Marshall
delivered the opinion of the Court. The sheriff having sold more land than the execution against Isaacs authorized, his sale and deed though verbally authorized and directed by Isaacs, were ineffectual to pass the legal title to Gearhart, the purchaser. This was decided upon the same deed, in the case of Gearhart vs Tharp, (9 B. Mon. 35,) and seems to be a necessary consequence of the principles laid down in Pepper vs Commonwealth, for Thornton, (6 B. Mon. 27,) and Addison vs Crow and Jarvis, (5 Dana, 271,) and *232 other cases. The excess here is palpable, being to-the amount of $300, on executions requiring only about $500 to be made. And the sale having been knowingly and purposely made of more land than was necessary for satisfying the executions, it derives no aid whatever from the execution,,but is wholly void as an official sale. It was made however, by the express verbal directions of Isaacs, the debtor, and for his benefit. Ii-e was present at the sale, required the whole tract to be sold in order to avoid a sacrifice, received and after-wards collected the bond for the excess of the price, was satisfied with the sale, directed the purchaser' to' take possession which he did, offered to make a deed to him which he declined taking, and directed th'é sheriff to convey the land which the sheriff did or attempted to do by deed executed in his official character, but reciting the direction of Isaacs to sell the whole tract, &c. And after the purchaser had been thus in possession for some seven or eight years under his purchase, this action of ejectment was brought against him by Isaacs and his children, claiming under a voluntary deed prior to the levy.
The fact, that a defendant in an execution authorized, the sheriff verbally to sell the whole oí a tract of land being greatly more than was necessarg to satisfy the execution, and received the overplus aiter satisfying the execution, did not confer upon the sheriff .the power of passing to the purchaser the legal title by his deed.
The Court instructed the jury peremptorily, to' find for the defendant; and it is contended in support of the judgment in his favor, that under the circumstances which have been stated, Isaacs was estopped from asserting title against Gearheart, who had been induced by his express authority and active participation to make the purchase and pay his money for the land. These circumstances undoubtedly created an equitable estoppel. They made the sale obligatory, lipón Isaacs as his act, and bound him to perfect it by a conveyance of his title, which he offered to,do. But they did not authorize the sheriff to' make the conveyance as his private agent, and they did not and could not give validity to his deed made in his official character as sheriff, and not in the name of Isaacs. His authority as sheriff is derived from the law and the process in his hands. And although while he keeps within the limits *233 of this authority, minor irregularities may be cured or authorized by the party concerned without impairing the official character and validity of the proceeding, the authority itself cannot be supplied or enlarged, so as to give official character and validity to acts not authorized by the law. And as the sale of more land than is necessary to satisfy the execution, is such an excess of authority as vitiates the whole sale, as an official act, and takes from every part of it the protection and authority of the execution, it must derive its whole character and whatever validity it may have, from the individual acts and private authority of those concerned in making the sale.
A. parol attihorty to- sell land may authorize the agent (ogive an ¡lobligailon binding the principal fo convey, yet it is not sufficient to athorize a sheriff, who sells more land' than is necessary to satisly the execution to convey the legal title to land so sold.
The case distinguished from that of Reed vs Beasley, 6 B, Momoe, 254.
The parol authority given by Isaacs to the sheriff, though sufficient to authorize the latter to execute a -writing for the sale of the land which would be binding upon Isaacs, was not sufficient to authorize a transfer of the title by deed even in the name of Isaacs. The return of the sheriff and his deed, though made in his official character, and not as the attorney of Isaacs, may in equity be deemed sufficient written evidence of a sale under the authority of Isaacs, whose consent to it is expressly shown in the deed. But the acts of Isaacs, though they bind him as a party to the sale, can have no greater effect in passing the title by estoppel, than similar acts accompanying a parol sale, or an executory sale evidenced by a writing signed by himself. In either case, though he might have induced the purchases by pursuasion and received the whole purchase money and placed the purchaser in possession, he would not thereby have been estopped at law from asserting his legal title and right of entry in an action of ejectment.
The case of Reed vs Heasley, (2 B. Monroe,, 254,) relied on to show that there was an estoppel in this case, was decided upon a principle not applicable to the facts now presented. Here the plaintiff, the debtor in the execution, relies upon the record of the sale to show that the defendant acquired no title by his purchase *234 for the want of legal authority in the officer who made the sale; and the defendant attempts by evidence of parol facts to supply the legal authority which the re. cord shows to have been wanting. In Reed vs Heasly, the position of the parties was reversed. The plaintiff, the purchaser mider the execution relied upon a record which showed a valid sale; the defendant attempted to invalidate the sale by showing that he had only an equitable title which was not subject to levy and sale. But it was proved on the other side that he not only directed the levy but was present at. the sale, without disclosing to the sheriffor bidders the nature of his title, and permitted the land to be offered and sold as his, and under the impression that he had the legal title. It was decided that these circumstances precluded him from afterwards denying the title of the purchaser on the ground of this extrinsic fact not appearing in the record of the proceeding, and not made known to others at the time of the sale-. The case may be a complete precedent for estopping Isaacs from denying that he had title at the time of the sale, but is no precedent for estopping him from relying on the record of the sale, to show that the sheriff had as sheriff, no authority to make the sale, nor is it a precedent for allowing such authority to be made out by parol.
The instruction given by the Circuit Court cannot therefore be justified on the ground of estoppel. And as there is some evidence from which the jury might have inferred that Isaacs had been in possession of the land and that the defendant had acquired the possession from him, which would have been prima facie evidence of a previous title in Isaacs sufficient, if not transferred or otherwise lost, to authorise a recovery, the instruction could only be sustained on the ground that the circumstances under which Gearheart had obtained and held the possession, were such as entitled him to hold on, until there was a notice to quit or demand of the possession.
Notiee to quit i not necessary* when the tenarft or quasi tenant, has received a deed and asserts title under it.
A deed though fraudulent as to creditors and pure Itasers i s-valid b e t w een, the parties-
Rountree and Fogle for plaintiff; Shuck for defendant.
If he had not taken the sheriff’s deed, but receiving thepossession from Isaacs under a sale authorised by him and had held merely under the sale, he would as quasi tenant have been entitled to notice whether the sale was enforcible against Isaacs or not. But as he not only rejected the offered conveyance from Isaacs, but took a deed from the sheriff and held under it, and endeavored to sustain it on the trial as a protection to hi.s possession, we think he was not entitled to notice - to quit.. And in fact it does not appear that he objected to the want of notice. The instruction to find for the defend,ant was therefore erroneous.
The deed from Isaacs to his childreen is not referred to in the bill of exceptions. If it was read as evidence, it precluded a recovery in the demise in .the name of the grantor, as however inoperative it may have been as against his creditors it was valid against him, and passed .his title. And as his title was not acquired by Gearheart, it remained in the grantees under the prior deed and is available to them in this action subject to such equities as Gearheart may have, as creditor or • purchaser.
In any view of the case, the Court should not have given the peremptory instruction, but should have instructed hypothetically, if at all, leaving the facts to-the jury. • .
Wherefore the judgment is reversed and the cause remanded for a new trial in conformity with this opinion..